IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFONSO MONTEZ, | § | |
| #49211-177, | § | |
|      Movant, | § | |
| | § | CIVIL NO. 3:16-CV-1596-K |
| v. | § | (CRIMINAL NO. 3:15-CR-98-K-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|      Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Alfonso Montez ("Montez") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2). As detailed herein, Montez's motion to vacate sentence is **DENIED** with prejudice.

## I.   BACKGROUND

After first being charged by complaint and indictment with a co-defendant, Montez was charged by superseding information on October 14, 2015, with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(viii) ("Count One"). *See* Crim. Docs. 1, 23, 41. On November 3, 2015, he pled guilty to Count One of the superseding information under a plea agreement. *See* Crim. Docs. 43, 47.

In his plea agreement, Montez stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. *See* Crim. Doc. 43 at 1. He agreed that he

understood the nature and elements of Count One, and that a factual resume he signed was true and would be submitted as evidence. *See id.* at 1-2. His factual resume included stipulations that he "did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together," with his co-defendant and others, to possess with the intent to distribute and to distribute 50 grams or more of a substance containing methamphetamine. Crim. Doc. 44 at 3. He further stipulated that at his "residence agents found an additional 2.5 pounds of a substance believed to be methamphetamine as well as several firearms[,]" and that "[a]gents also found a firearm in the vehicle that [he] was driving when he delivered the methamphetamine to" his co-defendant. *Id.*

At his re-arraignment on November 3, 2015, Montez acknowledged under oath that he read the factual resume before he signed it, the facts in the factual resume were true, and he committed each of the essential elements of the offense to which he was pleading guilty. *See* Crim. Doc. 99 at 11-12, 17. He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal except in the limited circumstances of directly appealing a sentence that exceeds the statutory maximum or arithmetic errors at sentencing, challenging the voluntariness of his guilty plea or appeal waiver, and bringing a claim of ineffective assistance of counsel. *See id.* at 5-8, 16. He pled guilty to Count One of the superseding information, and the Court found that his guilty plea was knowing and voluntary. *See id.* at 16-18; Crim Docs. 50, 52.

On January 13, 2016, the United States Probation Office ("USPO") prepared a presentence investigation report ("PSR") applying the 2015 United States Sentencing Guidelines Manual.  *See* Crim. Doc. 65-1 at ¶ 35.  The PSR calculated a base offense level of 38 for Count One.  *See id.* at ¶ 36.  Two levels were added under U.S.S.G. § 2D1.1(b)(1) based on Montez's possession of a dangerous weapon, namely firearms, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 37.  *See id.* at ¶¶ 37, 43-45.  Based on a total offense level of 37 and a criminal history category of I, Montez's guideline imprisonment range was 210 to 262 months.  *See id.* at ¶ 78.  The parties did not object to the PSR.  *See* Crim. Docs. 66, 68.  On February 12, 2016, the Government filed a motion for a two-level downward departure under U.S.S.G. § 5K1.1, which departure would result in a reduced guideline imprisonment range of 151 to 188 months.  *See* Crim. Doc. 71.

At the sentencing hearing on March 24, 2016, the Court granted the Government's motion for a downward departure and accepted the findings of the PSR as the findings of the Court.  *See* Crim. Doc. 100 at 3-4, 35.  By judgment dated March 29, 2016, Montez was sentenced to 84 months' imprisonment, which was below both the PSR's guideline imprisonment range and the guideline imprisonment range resulting from the two-level downward departure.  *See* Crim. Doc. 77 at 1-2.  His term of imprisonment was to be followed by four years of supervised release.  *See id.* at 3. He did not appeal the judgment.

Montez timely filed this Section 2255 motion on June 14, 2016, appearing to challenge: (1) the firearm enhancement provision under U.S.S.G. § 2D1.1(b)(1) as unconstitutionally vague pursuant to *Johnson v. United States*, 576 U.S. 591 (2015); (2) the Court's application of the firearm enhancement to the circumstances of his case; and (3) the Government's evidence to support the firearm enhancement. *See* Doc. 2 at 1-2, 6-19. While this action was stayed, Montez moved for authorization from the Fifth Circuit to file a second or successive Section 2255 motion on the ground that, pursuant to the Supreme Court's decision in *Nelson v. Colorado*, 581 U.S. 128 (2017), he was actually innocent of some of the relevant conduct used to enhance his sentence. *See* Doc. 7. The Fifth Circuit transferred the filing to this Court to be joined with the pending Section 2255 motion. *See* Doc. 6. Montez then filed a supplement to his Section 2255 motion, received on November 23, 2018, in which he challenged the "procedural reasonableness of his sentence" and raised additional arguments based on the Fifth Circuit's decision in *United States v. Ledesma*, 750 F. App'x 344 (5th Cir. 2018), to support his original Section 2255 claims. Doc. 8 at 6; *see generally id.* at 1-14. For the first time, he also alleged that his counsel rendered ineffective assistance by failing to challenge and object to the alleged unconstitutional firearm enhancement. *See id.* at 8. After the stay was lifted, the Government filed a response in opposition to the Section 2255 motion on June 10, 2020. *See* Doc. 13. Montez did not file a reply.

## II.   SCOPE OF RELIEF UNDER SECTION 2255

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.   WAIVER

Montez's original Section 2255 claims challenge the two-level firearm enhancement applied to his offense under Section 2D1.1(b)(1) of the sentencing guidelines; his supplement also challenges the firearm enhancement by arguing that his sentence was "procedurally unreasonable" based on its application. *See* Doc. 2 at 1-2, 6-19; Doc. 8 at 6-7.  The Government argues that his claims challenging the firearm enhancement are barred by the waiver provision in his knowing and voluntary plea agreement, procedurally barred, and without merit. *See* Doc. 13 at 2.

The plea agreement waiver in this case bars all claims on collateral review under § 2255, except for those that go to the voluntariness of Montez's guilty plea or the

appeal waiver and the ineffectiveness of counsel.  *See* Doc. 43 at 5.  Montez does not

challenge the voluntariness of his guilty plea or the appeal waiver, nor does he contend

in these claims that counsel rendered ineffective assistance.  As for his collateral attack

under *Johnson* and *Ledesma*, the Fifth Circuit has held that generally, "an informed and

voluntary waiver of post-conviction relief is effective to bar such relief."  *United States*

*v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White,*

307 F.3d 336, 343 (5th Cir. 2002).   Further, "defendants can waive the right to

challenge both illegal and unconstitutional sentences."  *United States v. Barnes*, 953 F.3d

383, 389 (5th Cir. 2020).   In the specific context of claim raised on collateral review

based on new case law, as alleged here, both the Supreme Court and the Fifth Circuit

have recently held that a movant's plea waiver bars such a collateral attack under §

2255.  *See Grzegorczyk v. United States*, 142 S. Ct. 2580, 2580 (2022) (concluding that

a § 2255 movant's unconditional guilty plea "precluded any argument based on the

new caselaw."); *United States v. Caldwell*, 38 F.4th 1161, 1161-62 (5th Cir. 2022).  Even

assuming for purposes of this motion that the holdings of *Johnson* and *Ledesma* apply to

Montez, his claims challenging the firearm enhancement based on those decisions are

barred by his plea waiver.

The Court notes that in seeking authorization from the Fifth Circuit to file a

second or successive Section 2255 motion while this action was stayed, Montez also

argued that he was entitled to habeas relief on his conviction based on the Supreme

Court's decision in *Nelson*.  *See* Doc. 7.  As noted, the filing was transferred to this

Court to be joined with the pending Section 2255 motion. *See* Doc. 6. Montez's

subsequent supplement made no mention of or reference to *Nelson* or any of the

arguments raised to the Fifth Circuit, however. *See* Doc. 8. Nonetheless, to the extent

Montez's Section 2255 pleadings can be liberally construed to incorporate his claims

based on the Supreme Court's decision in *Nelson*, and assuming *Nelson* is applicable to

his circumstances, those claims are also barred by his plea waiver for the same reasons

discussed above.

Although the Fifth Circuit recognizes exceptions to an informed and voluntary

plea waiver where ineffective assistance of counsel claims affecting the validity of the

collateral review waiver or guilty plea are involved, and "'where the sentence facially

(or perhaps indisputably) exceeds the statutory limits,'" these exceptions are

inapplicable here. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004)

(quoting *White*, 307 F.3d at 343 n.4). Montez does not claim that his counsel was

ineffective in any way that affected the validity of his collateral review waiver or guilty

plea, and he does not allege that his sentence exceeds the statutory maximum for the

challenged offense. He therefore has failed to show that an exception to his plea waiver

applies.

Because Montez's claims are barred by his knowing and voluntary plea waiver,

and he has failed to show that any exception to his plea waiver applies, he is not entitled

to Section 2255 relief on these claims, and they are denied. Additionally, to the extent

the Government also argues in the alternative that Montez's claims are procedurally

barred and without merit, these arguments are not addressed given that Montez's claims are barred by the waiver provision in his plea agreement, as discussed.

## IV.    INEFFECTIVE ASSISTANCE OF COUNSEL

In the supplement to his Section 2255 motion, Montez attempts to raise a new claim of ineffective assistance of counsel based on counsel's alleged failure to challenge and object to the firearm enhancement. *See* Doc. 8 at 8.

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687.  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697.  The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own

statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Here, Montez stipulated in his factual resume that agents found several firearms and methamphetamine during a search of Montez's residence, and that agents found a firearm in the vehicle he was driving when he delivered methamphetamine to his co-defendant. *See* Crim. Doc. 44 at 3. Likewise, the PSR noted Montez's stipulations regarding the firearms, and it also stated that agents recovered a firearm from Montez's vehicle when he was arrested, as well as several firearms from the living room and master bedroom of his residence, a firearm from a car parked in the attached garage, and suspected methamphetamine and digital scales from the garage. *See* Crim. Doc. 65-1 at ¶¶ 22, 24-25, 30. Because 11 firearms and methamphetamine were found in Montez's residence, the PSR added two levels to Montez's base offense level under Section 2D1.1(b)(1) of the sentencing guidelines for possessing a dangerous weapon.

*See id.* at ¶ 37.  Montez's counsel did not object to the PSR, and the PSR's findings were accepted as the findings of the Court.  Crim. Doc. 66; Crim. Doc. 100 at 3-4.

Even assuming for purposes of this motion only that Montez's ineffective assistance of counsel claims are not time-barred or otherwise waived, and that counsel's performance was deficient for failing to challenge or object to the firearm enhancement on the grounds alleged by Montez, *Strickland* still requires a showing of resulting prejudice.  To show prejudice in the sentencing context, Montez must show that the alleged deficiencies of counsel created a reasonable probability that his sentence would have been less harsh.  *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice.").  The record shows that Montez was sentenced to 84 months' imprisonment, 67 months below the lowest guideline imprisonment sentence after the two-level downward departure.  *See* Crim. Docs. 71, 77.  Montez has presented neither facts nor evidence showing a reasonable probability that his sentence would have been less harsh had counsel challenged and objected to the firearm enhancement. He therefore has not satisfied his burden under *Strickland*, and his ineffective assistance of counsel claims are denied.

## V.    EVIDENTIARY HEARING

Montez requests an evidentiary hearing.  *See* Doc. 2 at 7; Doc. 8 at 14.  No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  A

movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013).

Here, Montez has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See id.* He has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claims, and his request is denied.

## VI.    CONCLUSION

For the aforementioned reasons, Montez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2) is DENIED with prejudice.

SO ORDERED.

Signed March 1st, 2023.

_____

ED KINKEADE
UNITED STATES DISTRICT JUDGE